# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 11-306V
Filed: May 7, 2013

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

BRIAN TITE,

          Petitioner,

v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

          Respondent.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

NOT TO BE PUBLISHED

**Special Master Zane**

Stipulation; attorneys' fees and costs

*Isaiah Richard Kalinowski*, Maglio Christopher and Toale, Sarasota, FL, for Petitioner;
*Claudia Barnes Gangi*, United States Dep't of Justice, Washington, DC, for Respondent.

### UNPUBLISHED DECISION ON ATTORNEYS' FEES AND COSTS[1]

      On May 3, 2013, the parties in the above-captioned case filed a Stipulation of Attorneys' Fees and Costs ("Stipulation") memorializing their agreement as to the appropriate amount of attorneys' fees and costs in this case. Petitioner requests a total award of $30,000.00, to which Respondent does not object. Petitioner's counsel represents that Petitioner incurred no personal litigation costs. In accordance with 42 U.S.C. § 300aa-15(e), the undersigned awards the amount to which Respondent does not object.

---

[1] Because this decision contains a reasoned explanation for the Special Master's action in this case, the Special Master intends to post it on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 113 Stat. 2899, 2913 (Dec. 17, 2002). All decisions of the Special Master will be made available to the public unless they contain trade secret or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would clearly be an unwarranted invasion of privacy. When such a decision or designated substantive order is filed, a party has 14 days to identify and to move to redact such information before the document's disclosure. If the Special Master, upon review of a timely motion to redact, agrees that the identified material fits within the categories referenced above, the Special Master shall redact such material from public access. 42 U.S.C. § 300aa-12(d)(4); Vaccine Rule 18(b).

Petitioner, Brian Tite, alleged that he suffered from Guillain-Barre Syndrome ("GBS") as a consequence of his receipt of the influenza ("flu") vaccine, which is a vaccine contained in the Vaccine Injury Table, 42 C.F.R § 100.3(a), and which he received on or about September 10, 2010. Petitioner also alleged that he experienced the residual effects of this injury for more than six months and that he has not otherwise received compensation for such injuries. A decision awarding compensation based upon the parties' stipulation was entered on February 27, 2013.

Although Respondent did not concede the claim, the parties, nonetheless, settled the matter, and an award of compensation was made. Because Petitioner has been awarded compensation, Petitioner is entitled to an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300aa-15(e). The undersigned also finds that the stipulated amount of $30,000.00, in attorneys' fees and costs, is reasonable based on the stage at which this matter was settled. Based on the request's reasonableness and pursuant to Vaccine Rule 13, the undersigned **GRANTS** the parties' request as outlined in the Stipulation. The judgment shall reflect that Petitioners are awarded attorneys' fees and costs as follows:

> **in a check made payable jointly to Petitioner (Brian Tite) and Petitioner's counsel (Isaiah Richard Kalinowski of the law firm Maglio Christopher and Toale), the amount of $30,000.00, pursuant to 42 U.S.C. § 300aa-15(e). The check for attorneys' fees and costs shall be mailed directly to the main office of Maglio Christopher and Toale, located at 1605 Main Street, Suite 710, Sarasota, Florida 34236.**

The court thanks the parties for their cooperative efforts in resolving this matter. In the absence of a motion for review filed pursuant to RCFC, Appendix B, the Clerk is directed to enter judgment accordingly.[2]

   **IT IS SO ORDERED.**


                                        s/ Daria Zane
                                        Daria J. Zane
                                        Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.